IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**VICENTE RAMON CANTU**                                                                 **PLAINTIFF**

v.                              No: 4:19-cv-00699 BRW-PSH

**SALINE COUNTY DETENTION CENTER,[1]** *et al.*                       **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Billy Roy Wilson.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Vicente Ramon Cantu filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 while incarcerated at the Saline County Detention Center (Doc. No. 2).  Cantu was granted leave to proceed *in forma pauperis* and ordered to file an amended complaint containing a short statement of the specific role each defendant had in the alleged constitutional violations and describing how he was injured (Doc. No. 3).  Cantu filed an amended complaint on October 23, 2019 (Doc. No. 4).  For the reasons stated herein, Cantu's claims should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Because Cantu does not name the Saline County Detention Center in his most recent amended complaint, the Clerk of Court is directed to remove the jail as a defendant in the style of the case.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Cantu alleges that the restroom and sink area are consistently leaking, creating hazardous and unsanitary conditions. Doc. No. 4. He claims that he has slipped while washing his hands and the issue has not been resolved. *Id.* The Court construes Cantu's amended complaint as describing an Eighth Amendment conditions of confinement claim.

The treatment a prisoner receives in prison and the conditions of his confinement are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 832 (1970). To prevail on a conditions of confinement claim, a prisoner must show (1) the alleged deprivation was, "objectively, sufficiently serious," and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer,* 511 at 834. In other words, a plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993); *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004). "[D]iscomfort compelled by conditions of confinement, without more, does not violate the amendment." *Smith v. Coughlin*, 748 F.2d 783, 787 (2nd Cir. 1984) (quoting *Jackson v. Meachum*, 699 F.2d 578, 581 (1st Cir. 1983)).

Cantu's Eighth Amendment claims are subject to dismissal for three reasons.

First, Cantu has not alleged facts sufficient to support a claim that he has been subjected to objectively harsh conditions of confinement. He has not alleged that he was denied life's necessities such as food, shelter, and water or that he has suffered the unnecessary or wanton infliction of pain. Rather, Cantu alleges that there was a leaky sink that caused unsanitary and hazardous conditions.

Second, Cantu's amended complaint does not describe how each defendant was involved in the alleged constitutional violations. A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires

a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).

Third, Cantu alleges no injury as a result of the alleged conditions in the Saline County Detention Center. Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)).

For these reasons, Cantu's amended complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

It is recommended that:

1. Cantu's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 18th day of November, 2019.

_____
UNITED STATES MAGISTRATE JUDGE